IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-41354
Conference Calendar
_____

LUCAS MARTINEZ ALVAREZ,

Plaintiff-Appellant,

versus

J. ALFORD, Warden; M. DUKE, Correctional Officer;
P. ADAMS, Correctional Officer,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:97-CV-349
--------------------
October 18, 2000

Before SMITH, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Lucas Martinez Alvarez, Texas prisoner # 352955, appeals the
district court's dismissal of his 42 U.S.C. § 1983 action for
failure to state a claim upon which relief may be granted.
Alvarez argues that his complaint stated a claim for deprivation
of his gold chain without due process of law and that the
district court erred in dismissing his § 1983 action without
providing notice and an opportunity for him to amend his
complaint.  When a plaintiff alleges that he has been deprived of
his property without due process of law by the negligence or

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

intentional actions of a state officer that are "random and unauthorized," a postdeprivation tort cause of action in state law is sufficient to satisfy the requirements of due process. Parratt v. Taylor, 451 U.S. 527, 541-44 (1981) (overruled in part not relevant here, Daniels v. Williams, 474 U.S. 327 (1986)); Hudson v. Palmer, 468 U.S. 517, 533 (1984); see also Murphy v. Collins, 26 F.3d 541, 543 (5th Cir. 1994). Because Texas has adequate postdeprivation remedies for the confiscation of prisoner property, such as a tort action for conversion, Alvarez does not have a cognizable claim under § 1983. See Murphy, 26 F.3d at 543; Thompson v. Steele, 709 F.2d 381, 383 (5th Cir. 1983). Further, because he has not shown that he could have amended his complaint to allege any facts which would assert a cognizable § 1983 claim concerning the deprivation of his gold chain, he has not shown that the district court erred in dismissing his § 1983 action without providing notice and an opportunity to amend his complaint. See Jones v. Greninger, 188 F.3d 322, 326-27 (5th Cir. 1999).

Alvarez's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it IS DISMISSED. See 5TH CIR. R. 42.2. Alvarez is cautioned that the dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996) ("[D]ismissals as frivolous in the district courts or the court of appeals count [as strikes] for the purposes of [§ 1915(g)]."). Alvarez is further cautioned that if he accumulates three

strikes, he may not proceed IFP in any civil action or appeal while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See § 1915(g); Adepegba, 103 F.3d at 387.

APPEAL DISMISSED; SANCTION WARNING ISSUED.