IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40548
Summary Calendar
_____

WENDELL K. WASHINGTON,

Plaintiff-Appellant,

versus

R. MILLER, Correctional Officer III; J. ALFORD,
Warden; P. ADAMS, Property Officer,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:97-CV-403
- - - - - - - - - -
December 13, 2000

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Wendell K. Washington, a Texas prisoner (# 649796), appeals from the district court's sua sponte dismissal of his 42 U.S.C. § 1983 civil rights complaint as frivolous, pursuant to 28 U.S.C. § 1915(e)(2), following a hearing pursuant to Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). Washington alleged that the defendants improperly confiscated personal property from his cell in both September 1997 and January 1998. In an amended complaint, he also maintained that they filed a false

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

disciplinary charge against him in retaliation for, inter alia, his having filed the original complaint and that he was convicted of such charge in violation of his due process rights.

The district court did not abuse its discretion in concluding that Washington's claims were frivolous. See Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999). Washington failed to state a cognizable constitutional claim regarding the deprivation of his property because Texas provides an adequate postdeprivation remedy. See Murphy v. Collins, 26 F.3d 541, 543 (5th Cir. 1994). Because of the confusing and inconsistent nature of the cumulative allegations he has made in support of his retaliation claim, Washington failed to establish a "chronology of events" from which a retaliatory motive could be inferred. See Woods v. Smith, 60 F.3d 1161, 1164-66 (5th Cir. 1995). Finally, insofar as Washington has asserted that his due process rights were violated at his disciplinary hearing, the punishments imposed for the purported disciplinary violation did not implicate a constitutionally cognizable liberty interest. See Sandin v. Conner, 515 U.S. 472, 483-84 (1995); Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995).

AFFIRMED.