IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10735
Conference Calendar

_____

BOBBY GENE BURGHART,

Plaintiff-Appellant,

versus

WAYNE SCOTT, Director, Executive Director TDCJ;
SANDY LANSFORD, Director's Review Committee Coordinator;
LINDA R. SHORT, Administrative Tech. III; KARAN A. SWAN,
Administrative Tech. I; PAMELA J. LOWE, Clerk III;
PATRICIA M. PARKS, Clerk III; IRENE POLENDO, Clerk III;
UNKNOWN DEFENDANTS, Members of TDCJ Director's Review
Committee serving on committee from 9/4/99 and
continuing forward,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:00-CV-38
--------------------
December 12, 2001
Before HIGGINBOTHAM, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Bobby Gene Burghart, Texas prisoner # 778465, appeals the
district court's dismissal of his 42 U.S.C. § 1983 complaint as
frivolous and for failure to state a claim upon which relief can
be granted.  Burghart reasserts his claims that the prison's mail
room personnel employed a "discriminatory" censorship practice,
in violation of his First Amendment rights, and that the prison's

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

policy of destroying pages that have been clipped from censored magazines without giving him the opportunity to send the pages to an outside location violates his Fifth and Fourteenth Amendment rights to due process.

As the magistrate judge and district court properly determined, Burghart's argument that his constitutional rights were violated because prison officials allowed him to receive certain magazines containing pictures of women engaging in homosexual activity but then censored others for the same conduct is foreclosed by our decision in Thompson v. Patteson, 985 F.2d 202 (5th Cir. 1993). Burghart does not argue that Thompson is inapposite.

As to Burghart's due process argument, the magistrate judge correctly noted that the prison's rules allow an inmate the opportunity to send an entire censored publication out of the facility at his expense. Burghart does not demonstrate how his due process argument has any merit in light of the prison's rules. Furthermore, assuming that Burghart could allege a due process claim for the deprivation of his property, a postdeprivation tort cause of action in state law is sufficient to satisfy the requirements of due process. Murphy v. Collins, 26 F.3d 541, 543 (5th Cir. 1994). Texas has adequate postdeprivation remedies for the confiscation of prisoner property, such as a tort action for conversion. Id. at 543.

For the first time on appeal, Burghart contends that his due process rights were violated because he was not allowed to appeal a censorship decision due to the fact that another inmate

previously had appealed the decision to the Director's Review Committee, which upheld the decision. Because Burghart did not raise this claim in the district court, we will not review it on appeal. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999), cert. denied, 528 U.S. 1138 (2000).

Burghart has failed to address his claim that he should be afforded a level of review beyond the Director's Review Committee. Therefore, this issue is deemed abandoned. Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).

This appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. See 5th Cir. R. 42.2. The dismissal of this appeal and the district court's dismissal of Burghart's complaint each count as a "strike" for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Burghart therefore has two "strikes" under 28 U.S.C. § 1915(g). We caution Burghart that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

Burghart also requests appointment of counsel on appeal. He has failed to show that his case involves exceptional circumstances requiring appointment. See Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982). Consequently, his motion is DENIED.

APPEAL DISMISSED; SANCTIONS WARNING ISSUED; MOTION DENIED.