IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10214
Conference Calendar

_____

JAMES KEITH WILLIAMS,

Plaintiff-Appellant,

versus

JOHN L. MONTOYA, JR.; PAMELA J. PENCE; ELIZABETH M. HUCKABY;
RICHARD CERVANTES; JAMES D. MOONEYHAM; GARY JOHNSON,

Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:01-CV-226-R
---------------------
October 29, 2002

Before DeMOSS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

James Keith Williams, Texas prisoner #631673, seeks leave to
proceed in forma pauperis ("IFP") on appeal, following the
district court's dismissal of his 42 U.S.C. § 1983 complaint as
frivolous. By moving for IFP, Williams is challenging the
district court's certification that he should not be granted IFP
status because his appeal is not taken in good faith. See Baugh
v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

Williams has filed a letter requesting that this court have
him transferred from his current state prison facility because he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

is suffering retaliation due to the instant lawsuit. Williams' letter is ineffective to support his IFP motion, as Williams is foreclosed from raising a retaliation claim for the first time in this appeal. See Murphy v. Collins, 26 F.3d 541, 543 (5th Cir. 1994). To the extent that Williams' letter is considered a motion for a court-ordered transfer from a state prison facility, it is DENIED as a meaningless and unauthorized motion. See United States v. Early, 27 F.3d 140, 141-42 (5th Cir. 1994).

Williams' claims that the defendants negligently or intentionally deprived him of his property do not allege the violation of a constitutional right. See Daniels v. Williams, 474 U.S. 327, 328 (1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984); Murphy, 26 F.3d at 543. Williams has thus failed to establish that his appeal involves nonfrivolous legal issues and is, therefore, taken in good faith. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). Williams' motion for IFP is DENIED, and his appeal is DISMISSED AS FRIVOLOUS. See Baugh, 117 F.3d at 202 & n.24; 28 U.S.C. § 1915(e)(2)(B)(i); 5TH CIR. R. 42.2.

The district court's dismissal of Williams' complaint as frivolous and this court's dismissal of his appeal as frivolous each count as a "strike" for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). Williams is cautioned that if he accumulates three "strikes," he will not be able to proceed IFP in any civil action or appeal while he is imprisoned "unless [he] is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

MOTIONS DENIED; APPEAL DISMISSED AS FRIVOLOUS; SANCTIONS WARNING ISSUED.