IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10380
Conference Calendar

_____

GERALD KING,

                                        Plaintiff-Appellant,

versus

TEXAS DEPARTMENT OF CRIMINAL JUSTICE -
INSTITUTIONAL DIVISION; WAYNE SCOTT, Director;
GARY JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE - INSTITUTIONAL DIVISION;
JAMES M. DUKE, Senior Warden; CRAIG RAINES,
Assistant Warden; GALELA WOFFORD, Property
Officer; MARK I'VES, Correctional Officer III;
SHERRY LEFEVRE, Correctional Officer III,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:99-CV-246-C
--------------------
October 30, 2002

Before DeMOSS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Gerald King, a Texas prisoner (# 589458), appeals the

district court's sua sponte dismissal of his 42 U.S.C. § 1983

civil rights action under 28 U.S.C. § 1915(e)(2)(B)(i) as

frivolous.  In his complaint, King had asserted that the Texas

Department of Criminal Justice--Institutional Division and

several of its employees violated his constitutional rights in

_____

    [*]   Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

connection with the confiscation and destruction of his personal property and legal materials on December 26, 1998. He alleged that such actions were taken in retaliation for past legal activities and that they abridged his First Amendment right of access to the courts. King had elaborated on these allegations during a hearing pursuant to Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

On appeal, King sets forth new claims and theories of recovery and makes new factual allegations. However, "[i]t is a bedrock principle of appellate review that claims raised for the first time on appeal will not be considered." Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Discount Ctrs., Inc., 200 F.3d 307, 316-17 (5th Cir. 2000); see Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

To the extent that King continues to complain about the confiscation and destruction of his personal property, a postdeprivation tort cause of action in state law is sufficient to satisfy the requirements of due process. Parratt v. Taylor, 451 U.S. 527, 541-44 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984); see also Murphy v. Collins, 26 F.3d 541, 543 (5th Cir. 1994). Texas has adequate postdeprivation remedies for the confiscation of prisoner property, such as a tort action for conversion. See Murphy, 26 F.3d at 543. King asserts that the deprivation was undertaken in retaliation for his exercise of First Amendments rights, but King has not made allegations sufficient to set forth a "chronology of events from which

retaliation may be plausibly inferred." See Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995).

King has abandoned his claim that the deprivation and destruction of legal materials violated his First Amendment right of access to the courts. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); FED. R. APP. P. 28(a)(9).

King's appeal is without arguable merit and is thus frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Accordingly, the appeal is DISMISSED. See 5TH CIR. R. 42.2. The dismissal of his current complaint as frivolous and this court's dismissal of this appeal as frivolous both count as "strikes" pursuant to 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). This court has also affirmed the dismissal, as frivolous, of at least one of King's prior civil rights actions, which counts as a third strike. See id.; King v. Kilgore, No. 96-40126 (5th Cir. Sept. 9, 1996) (unpublished). Because King has accumulated at least three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; THREE-STRIKES BAR IMPOSED.