United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 22, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-11094
Conference Calendar

_____

SPENCER C. PARKER,

Plaintiff-Appellant,

versus

FNU DAVILA, Mail Room Supervisor, Dick Ware Unit;
TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL
DIVISION, Mail Room Staff, John C. Middleton Unit;
TEXAS DEPARTMENT OF CRIMINAL JUSTICE, Inmate Trust
Fund, Huntsville; TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, E/R Commissary Programs; H. BRYAN,
Assistant Warden Units Overseer, Dick Ware Unit,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:02-CV-154
- - - - - - - - - -

Before DAVIS, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Spencer C. Parker, a Texas prisoner (# 627599), appeals from
the district court's <u>sua</u> <u>sponte</u> dismissal of his 42 U.S.C. § 1983
civil rights complaint as frivolous, pursuant to 28 U.S.C.
§ 1915(e)(2)(B)(i). Parker asserted that the defendants
failed to give him proper advice regarding the procedures for
withdrawing funds from his inmate trust account and that, by
doing so, they effectively deprived him of such funds.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

When a plaintiff alleges that he has been deprived of his property, without due process of law, by the negligence or intentional actions of a state officer that are "random and unauthorized," a postdeprivation tort cause of action in state law is sufficient to satisfy the requirements of due process. Parratt v. Taylor, 451 U.S. 527, 541-44 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984); see also Murphy v. Collins, 26 F.3d 541, 543 (5th Cir. 1994). Texas has adequate postdeprivation remedies for the confiscation of prisoner property, such as a tort action for conversion. See Murphy, 26 F.3d at 543; Thompson v. Steele, 709 F.2d 381, 383 (5th Cir. 1983).

Because Parker's claims lacked an "arguable basis in law," Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999), his complaint was indeed frivolous. The appeal is likewise frivolous, and it is DISMISSED. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2. The dismissal of this appeal and the dismissal as frivolous by the district court each count as a "strike" for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). We caution Parker that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.