**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 94-20079
Summary Calendar
_____

CHRISTOPHER J. MURPHY,

Plaintiff-Appellant,

versus

J.A. COLLINS, Director, Texas
Department of Criminal Justice,
Institutional Division, ET AL.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
_____

(July 6, 1994)

Before POLITZ, Chief Judge, JOLLY and DUHÉ, Circuit Judges.

POLITZ, Chief Judge:

Christopher J. Murphy, proceeding *pro se* and *in forma pauperis*, appeals the dismissal of his 42 U.S.C. § 1983 complaint as frivolous under 28 U.S.C. § 1915(d). We affirm.

<u>Background</u>

An inmate of the Texas Department of Criminal Justice, Murphy filed a section 1983 complaint against various prison officials, alleging violations of his constitutional rights in incidents

occurring on April 8, 1993 and during disciplinary proceedings which followed.  Murphy claims that on the morning of April 8, Officer Beers intentionally poured hot coffee on his hand, causing him to drop his coffee cup and to splatter coffee on Beers.  When Murphy asked to speak to Beers' supervisor, Beers allegedly replied, "If you bitch on me, I'll lie on you first."  Murphy contends that Beers then fabricated a story to Sergeant Llewellyn, who ordered Officers Beers and Wheeler to strip search Murphy, handcuff him in the showers, and search his cell.  During the search, which Murphy claims was pretextual, the officers seized Murphy's dictionary and his cup and bowl.  Officer Wheeler also claimed to have found in the cell a sharpened cotter key capable of causing bodily injury.

Two disciplinary proceedings followed.  The first, brought by Officer Beers, charged Murphy with assault.  Murphy received notice of the charge and presented two inmate witnesses at his hearing. A third inmate witness, A. Campbell, was not allowed to testify. Unit Disciplinary Officer Horton found Murphy guilty and sentenced him to six additional months in the lowest custody classification.

The second disciplinary proceeding was brought by Officer Wheeler and charged Murphy with possession of a dangerous weapon. At the conclusion of the hearing, held on the same day as the assault hearing, Murphy was found guilty, divested of 110 days of good time, and placed on commissary and cell restriction for 15 days.  Murphy sought administrative review of the two disciplinary actions through the TDCJ grievance procedures.  His appeals were

denied by Deputy Director Collins.

In his section 1983 action Murphy challenges the exclusion of witness Campbell from the assault hearing and the sufficiency of the evidence in the weapons hearing; he also charges that the prison officials disregarded the prison policy requiring a review of all prisoner property confiscations.[1]  The district court dismissed Murphy's complaint as frivolous under 29 U.S.C. § 1915(d) and imposed a $50 sanction for a frivolous complaint.  The court also ordered the clerk to refuse to accept for filing any section 1983 civil rights suit submitted by Murphy unless a district or magistrate judge authorized it first.  Murphy timely appealed.

<u>Analysis</u>

Murphy contends that his civil rights complaint was improperly dismissed as frivolous because his claims had "some chance of success."  While it is true that complaints which present even a slight chance of success should not be dismissed under section 1915(d),[2] the statute accords trial judges the authority to dimiss complaints which "lack an arguable basis in law or fact."[3] Reviewing the district court's section 1915(d) dismissal for abuse

---

[1]Murphy's claim that Officer Beers purposely spilled the coffee to inflict pain was not raised in his brief on appeal and is therefore deemed abandoned. **Beasley v. McCotter**, 798 F.2d 116 (5th Cir. 1986), <u>cert</u>. <u>denied</u>, 479 U.S. 1039 (1987).

[2]**Booker v. Koonce**, 2 F.3d 114 (5th Cir. 1993).

[3]**Eason v. Thaler**, 14 F.3d 8, 9 (5th Cir. 1994).

3

of discretion,[4] we conclude that Murphy's complaint was properly dismissed.

Murphy's first point of error concerns the exclusion of inmate witness Campbell from the assault proceeding. Had Murphy been penalized by solitary confinement or loss of good time credit as a result of this charge,[5] due process would require an explanation for the exclusion.[6] Because Murphy was sentenced to additional time in his present custody level, however, he was only entitled to the process due under the teachings of **Hewitt v. Helms**.[7] According to this standard, Murphy deserved "some notice of the charge against him and an opportunity to present his views to . . . prison official[s]."[8] This Murphy received; he has no ground for complaint.

Murphy next complains that the search of his cell was pretextual, retaliatory, and intended to harass. He alleges that the weapons charge was fabricated to punish him for complaining to Beers' supervisor and that his dictionary was taken to thwart his redress in the courts. Murphy raised neither the retaliation claim

---

[4]**Moore v. Mabus**, 976 F.2d 268 (5th Cir. 1992).

[5]Such punishment triggers the higher standard of due process enunciated in **Wolff v. McDonnell**, 418 U.S. 539 (1974).

[6]See **Ponte v. Real**, 471 U.S. 491 (1985) (refining the heightened standard of **Wolff** by requiring prison officials to account for their decision to exclude requested witnesses either on the administrative record or by later presenting testimony in court).

[7]459 U.S. 460 (1983). The district court therefore erred in applying the **Wolff** standard to Murphy's claim.

[8]**Id**. at 476.

4

nor the redress claim in his complaint to the district court and is therefore foreclosed from raising them for the first time on appeal.[9] To the extent that he alleged pretext and fabrication in the court below, he did so in the context of an insufficiency argument. Nowhere did he seek relief on that basis,[10] and that which he did seek -- reversal on grounds of insufficiency -- was not raised again on appeal.[11] Murphy's complaints, therefore, were dismissed properly.

Murphy next claims that his property was confiscated without regard to the prison policy requiring notice and an opportunity to be heard.[12] A state's failure to follow its own procedural regulations does not constitute a violation of due process, however, if "constitutional minima [have] nevertheless . . . been met."[13] In **Hudson v. Palmer**,[14] the Supreme Court held that deprivations of property caused by the misconduct of state officials do not infringe constitutional due process provided adequate state post-deprivation remedies exist.[15] In Texas, as in

---

[9]**Walker v. Navarro County Jail**, 4 F.3d 410 (5th Cir. 1993); **Varnado v. Lynaugh**, 920 F.2d 320 (5th Cir. 1991).

[10]See supra note 9 and accompanying text (claims raised for the first time on appeal are procedurally barred).

[11]See supra note 1 (claims not renewed on appeal are deemed abandoned).

[12]Murphy's dictionary was later destroyed as contraband.

[13]**Jackson v. Cain**, 864 F.2d 1235, 1251 (5th Cir. 1989) (quoting **Brown v. Texas A&M University**, 804 F.2d 327, 335 (5th Cir. 1986).

[14]468 U.S. 517 (1984).

[15]**Id.**; see also **Collins v. King**, 743 F.2d 248 (5th Cir. 1984).

5

many other states, the tort of conversion fulfills this requirement. Accordingly, Murphy's claim based on the confiscation of his property is not actionable under section 1983.[16]

Murphy's final challenge is to the sanctions imposed by the district court. We are not persuaded. Murphy has filed 15 civil rights complaints to date, most of which have been dismissed for failure to prosecute or as frivolous. Murphy is abusing the judicial process by such filings and is delaying the consideration of meritorious claims. The monetary sanction is AFFIRMED. The sanction against the filing of future civil rights suits without the prior consent of a district or magistrate judge of the Southern District of Texas is also AFFIRMED.

---

[16]See, e.g., **Marshall v. Norwood**, 741 F.2d 761 (5th Cir. 1984).