**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 98-10866
Summary Calendar
_____

JOSEPH N. HALL, JR.,

Petitioner-Appellant,

versus

SAM CALBONE, Warden PCI Big Spring;
ANGIE SHEFFER; SAL SEANEZ; D. STONE, Lieutenant;
ROGER BAXTER; WILLIAM A SMITH,

Respondents-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:96-CV-311
- - - - - - - - - -

May 24, 1999

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Joseph N. Hall, Jr., prisoner # 13874-018, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition challenging a disciplinary hearing finding that Hall encouraged others to riot and the resulting sanction of the loss of 41 days of good-conduct time. Hall argues that 1) the investigation report indicating that he was given the disciplinary charge and read his rights before the hearing had been fabricated, 2) the disciplinary hearing officer (DHO) did not consider certain evidence, 3) the DHO

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was not impartial, 4) the district court should have conducted an evidentiary hearing, 5) the district court did not rule on two of Hall's discovery motions, and 6) the district court erred in dismissing Hall's civil rights claims.

The record supports the district court's finding that, even if the investigation report was false and Hall did not receive the disciplinary charge on October 25, 1995, he received notice of the charge on October 27, 1995, three days before the disciplinary hearing. No due process violation existed regarding whether Hall received adequate notice of the charge prior to the hearing. See Murphy v. Collins, 26 F.3d 541, 543 & n.5 (5th Cir. 1994)(citing Wolff v. McDonnell, 418 U.S. 539, 564-65 (1974)).

The record further indicates that the DHO's decision was supported by some evidence and that the DHO did not witness the incident subject of the disciplinary charge and was thus not biased. See Gibbs v. King, 779 F.2d 1040, 1044 (5th Cir. 1986); Collins v. King, 743 F.2d 248, 253 (5th Cir. 1984). The district court was able to resolve Hall's claims without the taking of additional evidence, and an evidentiary hearing was unnecessary. See Lawrence v. Lensing, 42 F.3d 255, 259 (5th Cir. 1994).

Contrary to Hall's contention, the district court ruled on Hall's motions to compel the production of documents and for a default judgment, and the district court's ruling was not an abuse of discretion. See McKethan v. Texas Farm Bureau, 996 F.2d 734, 738 (5th Cir. 1993).

Even if some of Hall's claims would not necessarily implicate the invalidity of the disciplinary ruling, as indicated by the

district court, <u>see</u> <u>Clarke v. Stalder</u>, 154 F.3d 186, 189 (5th Cir. 1998)(citing <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994)), given that Hall's constitutional claims are without merit, he would not be entitled to relief.  The district court's dismissal of these claims was not error.  <u>See</u> <u>Bickford v. International Speedway Corp.</u>, 654 F.2d 1028, 1031 (5th Cir. 1981) (we may affirm on grounds different from those employed by the district court).

AFFIRMED.