IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40940
Conference Calendar

_____


DENNIS W. DADE,

                                             Plaintiff-Appellant,


versus


JOE DON ABERNATHY, Department Public Safety Highway
Patrol Division; WILLIAM HARLEY CONDRY, Department
Public Safety Highway Patrol Division,

                                             Defendants-Appellees.


- - - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:98-CV-165
- - - - - - - - - - -

June 16, 1999

Before EMILIO M. GARZA, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

     Dennis W. Dade (TDCJ # 720238) appeals the district court's

dismissal of his in forma pauperis (IFP) civil rights complaint

as frivolous and for failure to state a claim pursuant to 28

U.S.C. § 1915(e)(2)(B)(i) & (ii).  Dade's complaint was based on

the allegedly illegal seizure of money made pursuant to his

arrest on possession-of-marijuana charges.  Dade indirectly

_____

     [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

challenges the district court's determination that his complaint was barred by the applicable statute of limitations, arguing that he would have initiated "these proceedings" sooner if he had known the money was not going to be returned.

An IFP complaint may be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) if it has no arguable basis in law or in fact. Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). Section 1915(e)(2)(B)(i) dismissals are reviewed for abuse of discretion. Id. A dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim is reviewed de novo, applying the same standard used to review a dismissal pursuant to Fed. R. Civ. P. 12(b)(6). Black v. Warren, 134 F.3d 732, 734 (5th Cir. 1998).

Even assuming that the district court's determination that Dade's complaint was time-barred was in error, the court's alternative holding that Dade's claim had no constitutional basis was not erroneous. "[D]eprivations of property caused by the misconduct of state officials do not infringe constitutional due process provided adequate state post-deprivation remedies exist." Murphy v. Collins, 26 F.3d 541, 543 (5th Cir. 1994). Texas's tort of conversion provides such a remedy. Id.

The district court's dismissal of the complaint is AFFIRMED.