IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50021
Summary Calendar
_____

CLARE BETH MOORE,

                                        Plaintiff-Appellant,

versus

WAYNE SCOTT, Director, Texas
Department of Criminal Justice
Institutional Division; LINDA
AMENT; TERESA MOYA,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-00-CV-309
--------------------
December 16, 2002

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

     Clare Beth Moore, Texas inmate # 778645, appeals the
dismissal of her civil rights suit filed pursuant to 42 U.S.C.
§ 1983, for failure to state a claim.  A complaint filed IFP may
be dismissed if it fails to state a claim on which relief may be
granted.  See 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A.  Our

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

review is de novo standard.  See Black v. Warren, 134 F.3d 732, 734 (5th Cir. 1998).

Moore argues that prison officials retaliated against her for exercising her First Amendment rights.  The facts which Moore presents, however, do not supply direct evidence of motivation, nor has she alleged a chronology of events from which retaliation may plausibly be inferred.  Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995).

Moore argues that the district court erred when it dismissed her claim that the defendants conspired to allow an inmate to steal her craft supplies.  Moore's factual allegations assert no more than a random and unauthorized deprivation of property, and Texas provides an adequate post-deprivation remedy for such claims.  Therefore, Moore has no underlying constitutional right in connection with the alleged conspiracy.  Parratt v. Taylor, 451 U.S. 527, 541-44 (1981); Hudson v. Palmer, 468 U.S. 517, 533 (1984); see also Murphy v. Collins, 26 F.3d 541, 543 (5th Cir. 1994).

Moore argues that she should have been allowed to amend her complaint to allege that the defendants harassed her in retaliation for filing the lawsuit by denying her access to the courts and so that she could substitute defendants in their official capacities, add defendants in their individual capacities, ask for economic damages for the loss of earning power in the craft shop, and ask for punitive damages.  Because

the amendment Moore sought was futile, the district court's denial of her motion to amend should be affirmed. <u>Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.</u>, 933 F.2d 314, 321 (5th Cir. 1991). Her argument that venue was improper is without a legal basis. The judgment of the district court is AFFIRMED.

Moore's various motions to supplement or amend her brief and the record are DENIED.