IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 02-10724
Conference Calendar

———————————

LARUE CHRISTIAN,

Plaintiff-Appellant,

versus

JANIE COCKRELL, Administrative Director; MANUEL
MENDOZA, JR.; CAROLYN SCOGGINS; NORMA J. SOUTHERN;
MISTY D. MATHIAS; NFN PRICE, Warden,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:02-CV-98
--------------------
February 19, 2003

Before WIENER, EMILIO M. GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

LaRue Christian, Texas prisoner # 523046 ("Christian"), appeals the district court's dismissal of his pro se, in forma pauperis ("IFP"), 42 U.S.C. § 1983 complaint as frivolous and for failure to state a claim. Christian's complaint sought compensation for lost personal property and asserted a retaliation claim for pursuing the prison grievance process. He does not make any arguments concerning his retaliation claim on

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appeal and therefore has abandoned that issue.  See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

The district court did not err in dismissing Christian's deprivation-of-property claim as frivolous and for failure to state a claim.  See Hudson v. Palmer, 468 U.S. 517, 533 (1984). Texas has an adequate postdeprivation remedy for confiscation of prisoner property.  Murphy v. Collins, 26 F.3d 541, 543 (5th Cir. 1994).  The fact that Christian unsuccessfully pursued such remedy does not render the remedy inadequate.

Christian's appeal is without arguable merit and is frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Because the appeal is frivolous, it is DISMISSED.  See 5TH CIR. R. 42.2.

The dismissal of this appeal and the district court's dismissal each count as a "strike" for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996).  Christian is WARNED that if he accumulates three strikes he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; SANCTIONS WARNING ISSUED.