United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 21, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40153
Conference Calendar

_____

AUGUSTUS C. WILLIAMS,

Plaintiff-Appellant,

versus

BRIAN W. RODEEN, Assistant Warden;
SUSAN L. SCHUMACHER,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:02-CV-269
--------------------

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM:[*]

Augustus C. Williams, Texas prisoner # 615597, pro se and in

forma pauperis (IFP), appeals the dismissal with prejudice of his

42 U.S.C. § 1983 suit alleging the deprivation of his personal

property.  Williams argues that he has proof that his property

was confiscated.

Because Texas has adequate postdeprivation remedies for the

confiscation of prisoner property, such as a tort action for

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

conversion, Williams has not shown that the district court erred in dismissing his 42 U.S.C. § 1983 claim for deprivation of property. See Murphy v. Collins, 26 F.3d 541, 543-44 (5th Cir. 1994). Williams' appeal is without arguable merit and is therefore frivolous. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. See 5TH CIR. R. 42.2.

The dismissal of the complaint and appeal in this matter count as "strikes" under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996). Williams has accumulated at least one additional "strike" based on the dismissal of a previous civil-rights action as frivolous. See Williams v. Cockrell, No. 02-40995 (5th Cir. Dec. 11, 2002) (unpublished).

By accumulating three strikes, Williams is BARRED from proceeding IFP in any subsequent civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR INVOKED.