United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 22, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40512
Conference Calendar

_____

JACKIE LAMAR MILES,

                                        Plaintiff-Appellant,

versus

WINDHAM SCHOOL DISTRICT, Michael Unit; JEFFREY FLOWERS,
Principal, Windham School District, Education Department,
Michael Unit; JERRY REDDEN; UNIDENTIFIED LONG, Chairman,
Math and Physics Department, TVCC,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:02-CV-559
--------------------

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM:[*]

     Jackie Lamar Miles, Texas prisoner # 854814, appeals the

district court's dismissal of his 42 U.S.C. § 1983 action as

frivolous and for failure to state a claim upon which relief may

be granted pursuant to 28 U.S.C. § 1915A(b)(1).  Miles argues

that the defendants violated his constitutional rights in that

they denied him the right to take an education class and they

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

stole his property. Miles has not shown that the district court erred in dismissing his claim that the defendants denied him the right to take a class as the "state has no constitutional obligation to provide basic educational or vocational training to prisoners." Beck v. Lynaugh, 842 F.2d 759, 762 (5th Cir. 1988). Miles has not shown that Texas does not afford an adequate remedy for the alleged deprivation of property. See Murphy v. Collins, 26 F.3d 541, 543 (5th Cir. 1994).

Miles' appeal is without arguable merit and, therefore, is DISMISSED as frivolous. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983); see 5TH CIR. R. 42.2. Because Miles has failed to show exceptional circumstances, his motion for appointment of counsel is DENIED. See Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987).

The dismissal of Miles' complaint and appeal in this matter each count as a "strike" under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996). If Miles accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated in any facility unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; MOTION DENIED; SANCTION WARNING ISSUED.