United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 31, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-11387
Summary Calendar

_____

BRUCE WAYNE HOUSER,

                                        Plaintiff-Appellant,

versus

ROBERT PARKER, Senior Warden; CHADWICK A. NORTHCUT;
STEVE PATTY; TINA L. CARROLL, Grievance Investigator;
BRENDA R. WILKINSON, Law Librarian; RICHARD E. WATHEN,
Assistant Warden; KELLI HUTCHISON, Assistant Grievance
Administrator; FRANK HOKE, Access to Courts Administrator;
LEON GUINN, Internal Affairs Division,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:02-CV-107-R
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Bruce Wayne Houser, Texas inmate # 460890, appeals the

dismissal of his civil rights complaint as frivolous under 28

U.S.C. § 1915A.  Houser fails to show that the district court

abused its discretion when it dismissed Houser's claim that the

defendants retaliated against him for filing grievances and

litigation.  Houser's allegations about the defendants'

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

retaliatory motive in charging him in a disciplinary report are conclusional, and he fails to show that the defendants violated a specific constitutional right. See Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995).

Houser's claim that he was denied access to the courts is frivolous because he has not shown that his position as a litigant was prejudiced. See McDonald v. Steward, 132 F.3d 225, 230 (5th Cir. 1998). Houser's claims surrounding the process he received at the disciplinary hearing are not cognizable under 42 U.S.C. § 1983. See Edwards v. Balisok, 520 U.S. 641, 646-48 (1997); Heck v. Humphrey, 512 U.S. 477, 487 (1994). Houser's claim that the defendants intentionally allowed his property to be stolen is frivolous because Houser has an adequate remedy under state law for this claim. See Murphy v. Collins, 26 F.3d 541, 543 (5th Cir. 1994). Last, this court need not review Houser's claim that the defendants denied him adequate medical care because he did not raise the claim until he filed a postjudgment motion under FED. R. CIV. P. 59(e). See Excavators & Erectors, Inc. v. Bullard Engineers, Inc., 489 F.2d 318, 320 (5th Cir. 1973).

The judgment of the district court is AFFIRMED. The district court's dismissal of the present case and this court's affirmance of the dismissal count as one strike against Houser for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Houser accumulated two

strikes under 28 U.S.C. § 1915(g) in <u>Houser v. Mooneyham</u>, No. 01-50112 (5th Cir. Aug. 22, 2001)(unpublished).  Because Houser has accumulated three strikes under 28 U.S.C. § 1915(g), he is now BARRED from proceeding <u>in</u> <u>forma</u> <u>pauperis</u> in any civil action or appeal while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.