**Eugene DICKERSON d/b/a Affordable Auto Repair, d/b/a A–1 Recovery**

v.

**CITY OF DENTON.**

No. 4:03–CV–344.

United States District Court,
E.D. Texas,
Sherman Division.

Jan. 7, 2004.

Larry Eugene Meadows of Meadows & Associates Denton, TX, for Plaintiffs.

Jerry Edward Drake, Jr., City of Denton Legal Department, Denton, TX, for Defendants.

## ORDER *GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 12 AND ALTERNATIVE ANSWER*

SCHELL, District Judge.

This matter is before the court on "Defendant's Motion to Dismiss Pursuant to Rule 12 and Alternative Answer" (Dkt.# 5), filed on November 13, 2003, and "Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss for Failure to State a Claim" (Dkt.# 7), filed on December 4, 2003. After careful consideration, the court is of the opinion that the motion should be GRANTED IN PART AND DENIED IN PART.

### I. LEGAL STANDARD

District courts may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED.R.CIV.P.

12(b)(6). A district court should grant a motion to dismiss under Rule 12(b)(6) in two situations. First, "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief," dismissal is proper. *Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir.) (citation omitted), *reh'g en banc denied,* — WL ——, 2003 U.S.App. LEXIS 23763 (5th Cir. 2003). Second, "if the allegations, accepted as true, do not present a claim upon which relief legally can be obtained," dismissal is also proper. *Adolph v. Fed. Emergency Mgmt. Agency,* 854 F.2d 732, 735 (5th Cir.1988) (citations omitted).

Courts in this circuit have "consistently disfavored dismissal under Rule 12(b)(6)." *Scanlan,* 343 F.3d at 536 (citations omitted). In deciding whether to grant a motion to dismiss, the district court "must not go outside the pleadings and must accept all well-pleaded facts as true, viewing those facts most favorably to the plaintiff." *Id.* (citations omitted). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez–Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir.1993) (citation omitted).

## II. ANALYSIS

### 1. Dickerson's First Amendment Claim

Dickerson claims that the City of Denton ("the City") violated his rights under the First Amendment. Pl.'s Compl., ¶ 32.a (Dkt.# 1). The First Amendment states that "Congress shall make no law ... abridging the freedom of speech, or of the press; or the right of the people peacefully to assemble, and to petition the Government for a redress of grievances." U.S. CONST. amend. I. The court has examined Dickerson's complaint to determine wheth-er any possible construction of the facts alleged by Dickerson could allow him to prevail on this claim. Having done so, the court concludes that Dickerson has not met this burden. Thus, the City's motion to dismiss as to this claim is GRANTED.

### 2. Dickerson's Second Amendment Claim

■ Dickerson claims that the City violated his Second Amendment rights. Pl.'s Compl., ¶ 32.a. The Second Amendment states as follows: "A well regulated militia, being necessary to the security of a free state, the right of the people to keep and bear arms, shall not be infringed." U.S. CONST. amend. II. This circuit has held that the Second Amendment "protects the right of individuals, including those not then actually a member of any militia or engaged in active military service or training, to privately possess and bear their own firearms." *United States v. Emerson,* 270 F.3d 203, 260 (5th Cir.), *reh'g en banc denied,* 281 F.3d 1281 (5th Cir.2001), *and cert. denied,* 536 U.S. 907, 122 S.Ct. 2362, 153 L.Ed.2d 184 (2002). An individual's Second Amendment right to bear arms, however, is subject to "limited, narrowly tailored specific exceptions or restrictions for particular cases." *Id.* at 261.

■ So long as the requirements of the Fourth Amendment are met, police officers may search a premises and confiscate guns that they believe have been used to commit a crime. Such a search and seizure is a reasonable, necessary restriction on an individual's Second Amendment right to bear arms. Here, Dickerson claims that the City's police officers confiscated many of his firearms during a raid on his business. Pl.'s Compl., ¶¶ 19, 20. Assuming, *arguendo,* that City police officers lacked probable cause or a warrant, any seizure of weapons would violate the Fourth Amendment, not the Second

Amendment. Dickerson cites no authority from this circuit holding or stating that the mere confiscation of firearms by police officers violates the Second Amendment. Nor has the court, after reviewing circuit precedent, located such authority. Because Dickerson's Second Amendment claim is legally insufficient, the City's motion to dismiss as to this claim is GRANTED.

### 3. Dickerson's Fourth Amendment Claim

■ Dickerson claims that City police officers violated his rights under the Fourth Amendment. Pl.'s Compl., ¶ 32.a. The Fourth Amendment prohibits unreasonable searches and seizures and states that "no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the person or things to be seized." U.S. CONST. amend. IV.[1] Dickerson claims that the City's police officers searched his business and residence without a warrant and without probable cause. See Pl.'s Compl., ¶¶ 11, 19, 20. Having considered Dickerson's complaint, the court concludes that it contains factual allegations supporting a Fourth Amendment claim against the City. Thus, the City's motion to dismiss as to this claim is DENIED.

### 4. Dickerson's Fifth Amendment Claim

■ Dickerson alleges that the City violated his Fifth Amendment due process rights. Pl.'s Compl., ¶ 32.a. The Fifth Amendment, however, "applies only to violations of constitutional rights by the United States or a federal actor." *Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir.2000) (citation omitted). Dickerson

does not allege any federal involvement in this case. Nor does Dickerson allege that City officials or police officers acted under the authority of or with the federal government. Accordingly, the City's motion to dismiss as to this claim is GRANTED.

### 5. Dickerson's Eighth Amendment Claim

■ Dickerson claims that the City violated his rights under the Eighth Amendment. Pl.'s Compl., ¶ 32.a. The Eighth Amendment states as follows: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII. The Eighth Amendment, however, "protects only those who have been *convicted* of a crime." *Thibodeaux v. Bordelon*, 740 F.2d 329, 334 (5th Cir.1984) (citation omitted). Because Dickerson has not been convicted of a crime, his Eighth Amendment claim fails as a matter of law. Accordingly, the City's motion to dismiss as to this claim is GRANTED.

### 6. Dickerson's Thirteenth Amendment Claim

Dickerson claims that the City violated his rights under the Thirteenth Amendment. Pl.'s Compl., ¶ 32.a. The Thirteenth Amendment prohibits slavery and involuntary servitude "except as a punishment for crime whereof the party shall have been duly convicted." U.S. CONST. amend. XIII, cl. 1. The court has perused Dickerson's complaint to determine whether Dickerson can prove any set of facts supporting a claim of slavery or involuntary servitude. Having done so, the court concludes that Dickerson has not met this burden. Accordingly, the City's motion to dismiss as to this claim is GRANTED.

---

1. The Fourth Amendment applies to the states through the Fourteenth Amendment. *Mapp v. Ohio*, 367 U.S. 643, 655, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961).

### 7. Dickerson's Fourteenth Amendment Claims

■ Dickerson alleges that the City violated his rights under the Fourteenth Amendment "to be free from the deprivation of his freedom, property, and other civil rights without due process of law, and unwarranted invasion of his privacy." Pl.'s Compl., ¶ 32.a. No state may "deprive any person of life, liberty, or property, without due process of law". U.S. CONST. amend. XIV, § 1. "[T]he Due Process Clause of the Fourteenth Amendment confers both substantive and procedural rights." *Albright v. Oliver*, 510 U.S. 266, 272, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994) (plurality opinion). Dickerson does not specify that he is bringing a substantive due process claim against the City. *See* Pl.'s Compl., ¶¶ 1, 32.a. Mindful of its duty to interpret Dickerson's complaint liberally, however, the court assumes that Dickerson has brought substantive and procedural due process claims and examines each one in turn.

### A. Substantive Due Process

■ Where, as here, an amendment to the Constitution protects an individual against specific governmental misconduct, "that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing [those] claims." *Albright*, 510 U.S. at 273 (quoting *Graham v. Connor*, 490 U.S. 386, 395, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)). Here, Dickerson has alleged a Fourth Amendment violation that, for reasons previously stated, survives the City's motion to dismiss. This claim addresses the alleged misconduct by City officials and preempts Dickerson's substantive due process claim. Because the court cannot consider Dickerson's substantive due process claim, *see id.* at 275, the City's motion to dismiss as to this claim is GRANTED.[2]

### B. Procedural Due Process

■ Dickerson's procedural due process claim is also unavailing. Dickerson claims that the City's police officers intentionally and illegally seized personal property from him. Pl.'s Compl., ¶¶ 11, 19, 20. The Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). In Texas, a meaningful post-deprivation remedy is available for loss of property: the tort of conversion. *See Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir.1994).[3] This circuit recognizes that, in Texas, the tort of conversion is a meaningful post-deprivation remedy. *Murphy*, 26 F.3d at 543–44. Because Dickerson possesses a meaningful post-deprivation remedy, any illegal seizure of property by City officials cannot violate his right to procedural due process. *See id.* Consequently, the City's motion to dismiss as to this claim is GRANTED.

---

**2.** *Cf. Roe v. Tex. Dep't of Protective & Regulatory Servs.*, 299 F.3d 395, 411–12 (5th Cir.), *reh'g denied*, 299 F.3d 395 (5th Cir.2002); *Mata v. City of Ennis, Texas*, Case No. 3:01–CV–983–M, 2003 WL 252027, **7–8, 2003 U.S. Dist. LEXIS 1420, at *29–*30 (N.D.Tex. Jan.31, 2003).

**3.** "The unauthorized and unlawful assumption and exercise of dominion and control of the personal property of another, to the exclusion of, or inconsistent with the owner's rights, is in law a conversion." *Beam v. Voss*, 568 S.W.2d 413, 420 (Tex.Civ.App.-San Antonio 1978, no writ) (citations omitted).

### 8. Dickerson's Claim under Article I, § 8

Dickerson claims that the City violated his constitutional rights "under Article I, § 8 of the United States Constitution, to engage in interstate commerce without interference by a State." Pl.'s Compl., ¶ 32.c. That clause provides that Congress shall have power "to regulate commerce with foreign nations, and among the several states, and with the Indian tribes." U.S. CONST. art. I, § 8, cl. 2. By its terms, however, the Commerce Clause is a limitation on Congress, not a grant of individual rights. *Cf. United States v. Lopez*, 514 U.S. 549, 557, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995) (noting that Congress's power under the Commerce Clause "is subject to outer limits"). Dickerson's allegation, though novel, does not present a claim on which relief can be legally obtained. Accordingly, the City's motion to dismiss as to this claim is GRANTED.

### 9. Dickerson's Claim under Article I, § 9

Dickerson claims that the City violated his rights, "under Article I, § 9, to be free from the use of an *ex post facto* law to deprive him of property, or to prosecute him criminally." Pl.'s Compl., ¶ 32.e. That clause provides that "[n]o bill of attainder or *ex post facto* law shall be passed." U.S. CONST. art. I, § 9, cl. 2. Dickerson does not, however, identify or indicate any federal law or statute that the City allegedly applied *ex post facto*. Nor does Dickerson identify or point to any state law that the City allegedly applied *ex post facto*. *Cf.* U.S. CONST. art. I, § 10 ("No State shall enter into any … ex post facto law…."). Consequently, the City's motion to dismiss as to this claim is GRANTED.

### 10. Dickerson's Claims under 42 U.S.C. § 1983

Dickerson states that "[the City] is being sued pursuant to 42 U.S.C. § 1983." Pl.'s Compl., ¶ 32.i. Local governments and municipalities may be sued under section 1983. *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). To establish municipal liability under section 1983, proof of three elements must exist: (1) a policymaker; (2) an official policy; and (3) a violation of constitutional rights whose "moving force" is the policy or custom. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir.2001) (citing *Monell*, 436 U.S. at 694). Notably, however, a municipality cannot "be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691. Instead, the plaintiff must identify a policy that, when executed, caused the plaintiff to suffer a constitutional injury. *Id.* at 694.

A policymaker for section 1983 purposes is an individual who is held responsible, "through actual or constructive knowledge, for enforcing a policy that caused [the plaintiff's] injuries." *Piotrowski*, 237 F.3d at 578–79. An official policy for section 1983 purposes can exist by custom, which is "a persistent, widespread practice of City officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents municipal policy." *Id.* at 579 (quotations omitted). Sporadic or isolated constitutional violations do not establish a custom or policy giving rise to municipal liability. *Id.* at 581. For a policy or custom to constitute the "moving force" of a constitutional violation, a direct causal link between the policy or custom and the constitutional violation must exist. *Id.* at 580.

Here, Dickerson claims that the City Manager and the Mayor of the City of Denton ordered police officers to shut

down his business. Pl.'s Compl., ¶¶ 14, 31. Thus, Dickerson has identified a policymaker. Moreover, the alleged order given by the Mayor and the City Manager *could* be interpreted as the City's municipal policy. Dickerson also alleges that the City's police officers followed this order and carried out multiple raids on his business that resulted in constitutional violations. *Id.,* ¶¶ 11, 12, 13, 15, 19, 20. More generally, Dickerson claims that the City's police officers harassed him and tried to cause him to leave Denton, Texas. *See id.* Because the acts allegedly committed by the City's officials and police officers are persistent and widespread, the court finds that Dickerson has sufficiently alleged an official policy on the part of the City. Dickerson claims that the City's police officers acted at the Mayor's direction and insistence. Consequently, the court concludes that Dickerson has pleaded a causal link between the City's policy and the injuries he allegedly suffered. Because Dickerson has adequately pleaded municipal liability under section 1983, the City's motion to dismiss regarding section 1983 is DENIED.

### 11. Dickerson's RICO Claim

Dickerson claims that the City violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964 (2000). Pl.'s Compl., ¶ 1. Municipalities, however, cannot be sued under RICO. *See Dammon v. Folse,* 846 F.Supp. 36, 39 (E.D.La.1994); *see, e.g., Ashe v. Corley,* 992 F.2d 540, 544 (5th Cir.1993). Accordingly, the City's motion to dismiss as to this claim is GRANTED.

It is so ORDERED.