**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**March 23, 2005**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40836
Summary Calendar

CHARLES KENNETH NELSON,

                                        Plaintiff-Appellant,

        versus

DIRECTOR TEXAS DEPARTMENT OF
CRIMINAL JUSTICE; ROBERT HERRERA,
Warden, Beto I Unit; SHERRI MILLIGAN,
Correctional Officer IV, Beto I Unit;
S. SCHUMACHER, Grievance Officer,
Huntsville, Texas,

                                        Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:04-CV-152-LED-HWM

Before GARWOOD, STEWART and PRADO, Circuit Judges.

PER CURIAM:*

        Charles Kenneth Nelson, Texas prisoner #503292, appeals the

district court's dismissal of his pro se, in forma pauperis

("IFP"), 42 U.S.C. § 1983 complaint as frivolous.  Nelson's

complaint sought compensation for damage to his personal property.

---

        *Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court did not plainly err in dismissing Nelson's deprivation-of-property claim as frivolous. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).** Texas has an adequate post-deprivation remedy for loss of prisoner property. *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994).

Nelson's appeal is without arguable merit and is frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. *See* 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous and the district court's dismissal as frivolous each count as a "strike" for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons,* 103 F.3d 383, 387-88 ( 5th Cir. 1996). Nelson received a previous strike as the result of the dismissal as frivolous of his appeal from the denial of FED. R. CIV. P. 60(b) relief in a 42 U.S.C. § 1983 complaint. *See Nelson v. Soliz*, No. 95-40714 (5th Cir. Dec. 20, 1995). Therefore, Nelson has accumulated at least three "strikes" under 28 U.S.C. § 1915(g), and he is BARRED from bringing any civil action or appeal IFP while he is incarcerated or detained in any facility unless he shows that he is under imminent danger of serious physical injury.

APPEAL DISMISSED AS FRIVOLOUS; 28 U.S.C. § 1915(g) BAR IMPOSED.

---

**Nelson, though properly warned of the need to do so, failed to timely file objections to the Magistrate Judge's report and recommendation.