United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 29, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-20139
Summary Calendar

SCOTT NATHON WEHMHOEFER,

Plaintiff-Appellant,

versus

AVAIRO VASQUEZ, Warden; WARDEN LAVAND; WARDEN W. L. STACK,
(pseudonym) Dewade Easley,

Defendants-Appellees.

---------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CV-205
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Scott Nathon Wehmhoefer, Texas prisoner # 795907, appeals the
district court's dismissal of his 42 U.S.C. § 1983 complaint for
failure to state a cognizable federal claim and alternatively as
frivolous and malicious. Wehmhoefer asserts that the defendants
forged and stole annuity checks belonging to him and that despite
efforts to obtain his money, he was denied access to it.

The district court did not err in concluding that Wehmhoefer's
claim for the intentional deprivation of personal property should

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

be dismissed for failing to state a claim for which relief may be granted. See Hudson v. Palmer, 468 U.S. 517, 533; Murphy v. Collins, 26 F. 3d 541, 543-44 (5th Cir. 1994). Texas has adequate postdeprivation remedies for the confiscation of prisoner property. See Murphy, 26 F.3d at 543.

Wehmhoefer also fails to show that the district court erred in dismissing his complaint as frivolous and malicious based on a finding that his previous lawsuits were nearly identical. Although Wehmhoefer argues that the instant complaint was forged or altered, his argument on appeal is identical to the claim raised in the complaint filed in the district court.

Wehmhoefer's appeal is without arguable merit, is frivolous, and therefore dismissed. See 5TH CIR. R. 42.2; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). His motion for the appointment of counsel is also denied. The district court's dismissal of Wehmhofer's complaint counts as a strike for purposes of 28 U.S.C. § 1915(g), as does the dismissal of the instant appeal. See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Wehmhoefer has accumulated one other strike in Wehmhoefer v. Kitchel, No. 4:05-CV-3140. Because Wehmhoefer has now accumulated three strikes, he is barred from proceeding in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; MOTION DENIED; 28 U.S.C. § 1915(g) BAR
IMPOSED.