United States Court of Appeals
Fifth Circuit

**F I L E D**

August 21, 2007

Charles R. Fulbruge III
Clerk

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 06-30610
Conference Calendar

RONNIE R CEASAR

Plaintiff-Appellant

v.

DOUGLAS G HOLT; SHARON PARSONS; KENNETH CHOUDHURY;
CYNTHIA E LYNCH; JAMES L LLORENS; DAMIEN EJIGIRI; MYLON
WINN

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:05-CV-1402

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Ronnie R. Ceasar appeals the district court's dismissal of his civil rights action pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim upon which relief may be granted. He argues that he stated a viable due process claim against the defendants because he was dismissed from the graduate school of Southern University without a hearing. Ceasar also challenges the district court's imposition of sanctions requiring him to obtain

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

leave of court and to prepay the filing fee before filing future litigation. He asserts that the imposition of sanctions was improper because he had not been shown to be a habitual litigator.

As Ceasar was dismissed from Southern for academic reasons, due process did not require that he receive a hearing. See Shaboon v. Duncan, 252 F.3d 722, 730 (5th Cir. 2001). Ceasar's submissions show that he was given notice that his academic progress was unsatisfactory and that the decision to dismiss him was careful and deliberate. Assuming arguendo that Ceasar had a protected liberty interest at stake, his filings show that he received all of the process that was due. See Bd. of Curators of Univ. of Mo. v. Horowitz, 435 U.S. 78, 85 (1978).

The present case was the fifth case Ceasar filed in the Middle District of Louisiana that had been summarily resolved in favor of the defendants. Ceasar was previously sanctioned by the Western District of Louisiana for filing excessive frivolous litigation. The district court did not abuse its discretion by sanctioning Ceasar. See Murphy v. Collins, 26 F.3d 541, 544 (5th Cir. 1994).

AFFIRMED.