# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 20, 2010

No. 09-11238
Summary Calendar

Lyle W. Cayce
Clerk

PAUL RAY JACKSON, also known as Paul R. Jackson, also known as James Johnson,

Plaintiff-Appellant

v.

M. MAES; D. INGLE; J. WHEAT,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:09-CV-207

Before DAVIS, SMITH and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Paul Ray Jackson, Texas prisoner # 614451, appeals from the dismissal of his in forma pauperis (IFP) 42 U.S.C. § 1983 civil rights suit claiming that the named defendant prison employees destroyed his personal property; the district court dismissed the suit as frivolous. He argues that the evidence will show that the defendants intentionally destroyed the property in question.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review the dismissal as frivolous for an abuse of discretion. *See Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997; 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). To the extent that Jackson may have raised claims based upon negligence or failure to comply with prison procedures in his complaint, he has abandoned them on appeal. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). He does not argue that the district court erred by finding (1) that the defendants' actions, at most, constituted a random and unauthorized deprivation or (2) that the Texas tort of conversion provides an adequate post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541-44 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Murphy v. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994). The *Parratt/Hudson* doctrine applies even when a prisoner alleges that the deprivation of property by prison officials was intentional. *Hudson*, 468 U.S. at 533. Accordingly, Jackson's suit is foreclosed by the *Parratt/Hudson* doctrine, and the district court did not abuse its discretion by dismissing it as frivolous.

Jackson's appeal is without arguable merit and is frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). The district court's dismissal of his complaint and this court's dismissal of this appeal as frivolous combined count as two strikes for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). Jackson is cautioned that if he accumulates three strikes, he will no longer be allowed to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

Jackson's motion for appointment of counsel is DENIED, and his appeal is DISMISSED as frivolous pursuant to 5TH CIR. R. 42.2.