Rick J. Shugart

RECEIVED IN
The Court of Appeals
Sixth District

JUL 01 2016

Texarkana, Texas
Debra Autrey, Clerk

June 27, 2016

#1917471-BETO
1391 FM 3328
Tennessee Colony Tx
75880

Clerk of Courts % Kim Robinson
Sixth Appellate District Court
101 N. State Line Ave #20
Texarkana TX 75501

RE: Shugart Vs. Thompson, et. al.; App. Case No 06-15-101-CV

Dear Malm (Ms. Robinson)

 I received your letter concerning a filing of a Third Supplement Clerk's Record, on 6-8-16, and responded I didn't Know what it could be. However, (much belated) I've now recieved a copy from the Family Co Clerk and finding it originated from the trial Judge find it irrelevant, but ??? maybe necessary. As to the current matter —

 Please find (enclose) addressed to "the Justices of this Court" a letter with a few attachment pages! As you know, as a TDC prisoner (currently) copy machines are prohibited so that making a copy of these documents for serviling on Appellee's Representative, named below, was impossible. Would you please be "so kind" as to see that a copy is mail to them? So sorry to take leave at this point, but this matter recently developed.

Sincerely Ricky Jal

Appellee's Address: James C. Tidwell
Attorney at Law
320 N. Travis St, Ste 205
Sherman TX 75090

Rick J. Shugart

June 27, 2016

RECEIVED IN
The Court of Appeals
Sixth District

JUL 0 1 2016

Texarkana, Texas
Debra Autrey, Clerk

#1917471-BETO
1391 FM 3328
Tennessee Colony TX
75880

Judge Josh Morriss, III
Sixth Appellate District Judge
Bi-State Justice Building
100 N. State Line Ave #20
Texarkana TX 75501

RE: SHUGART VS. THOMPSON, et. al.; Civil Appellate Case No. 06-15-101-CV

Dear Justices of Said Court,

        This letter is simply a notification of the gravity of your up-coming decision on this appeal as it has now been argued by Defendants that Shugart's denial on federal due process claims for the arbitrary destruction of his greenhouse is now being satisfied by this Courts' action in this State suit, as "adequate post-deprivation remedy". The parallel federal §1983 civil Rights action (dismissed on Heck v. Humphrey, 312 U.S. 477 (1994) aka. Heck's bar) that Defendants' in this appeal rallied on it's behalf so strongly for irrelevant reasons has now concluded briefing on direct appeal to the 5th Circuit Court of Appeals' in Case No. 15-40235 (SHUGART VS. SIX UNKNOWN FANNIN COUNTY SHERIFFS' AGENTS, et. al) [e.g., See Appellee's Brief, this State appeal, p.s 3-4]. Attached are excerpts (original pages sent to Shugart) of Appellee's Brief in that appeal arguing dismissal of Shugart's due process violation claims for adequate post-deprivation remedy here in this State action. If decided in their favor, your decision on this appeal is all the due process that will be afforded. You decide the validity of the deprivation. Ironically, in it's Brief in this appeal Defendants' argued (opposite) the federal suit gave due process. 9ev. at p.s 15:12-13; 15-16; 9:3-4; 22-23; 29:16-17 & 31:7-10.

                                        Sincerely Rick J Shugart

Attach: 4 pages Exhibits

# NO. 15-40235

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

RICKY JOE SHUGART,

PLAINTIFF - APPELLANT

V.

SIX UNKNOWN FANNIN COUNTY SHERIFFS; STATE OF TEXAS,
(FANNIN COUNTY DISTRICT ATTORNEY)– *error –should be omitted. AW*

DEFENDANTS - APPELLEES

On Appeal from the United States District Court for the
Eastern District of Texas, Sherman Division
Civil Action No. 4:14-cv-00782

## BRIEF ON BEHALF OF APPELLEES
## SIX UNKNOWN FANNIN COUNTY SHERIFFS

James C. Tidwell
State Bar No. 20020100
WOLFE, TIDWELL & McCOY, LLP
320 North Travis Street, Suite 205
Sherman, Texas 75090
(903) 868-1933 (tel.)
(903) 892-2397 (fax)

clear that the District Court properly saw that the overall intent and effect of Shugart's suit in federal court was a collateral attack on his criminal conviction. As such, the District Court properly dismissed Shugart's suit, there is no recognized due process claim under the facts alleged and *Heck* supports proper dismissal. Shugart's case below is really just another run at Plaintiff's criminal case and argument over whether or not the various officers should have entered the property, and as such it is a prohibited collateral attack on a valid criminal conviction. Clearly, the claims being asserted bear a direct relationship to the conviction and are prohibited. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The District Court's findings and dismissal of Plaintiff's suit should be affirmed.

Under the circumstances of this case, Plaintiff's suit was properly dismissed. There is no claim against a state actor under the Fifth Amendment. *Jones v. City of Jackson*, 203 F.3d 875, 877 (5th Cir. 2000). Similarly, Shugart cannot show that his Fourteenth Amendment right to due process was violated. The Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). In this case Shugart could, and has, sued for the same

- 11 -

alleged injury in state court. (Appendix 1) Such a claim is an adequate post-deprivation remedy. *Murphy v. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994). Given the lack of a Due Process claim, that again takes us back to the fact that this case is really about his arrest and conviction.

Further, this is not a forfeiture case where an entity is seeking to take possession of an item of value for its own use and forfeiture cases are not applicable to the case presented. The issue in this case is the handling of the dome, which by Shugart's own pleading, never left the property. It is undisputed that the dome was used for illegally growing large amounts of marijuana and thus was clearly used in the commission of a crime. It appears that the illegal growing of marijuana was the dome's only real use. Regardless, the issue Shugart raises, the alleged improper destruction of the dome is the type of matter left to state law and state court. (Appendix 1) Not every alleged action rises to the level of a federal civil rights suit.

Shugart plead guilty to the criminal act associated with the dome. Further, Shugart's pleadings themselves admit that Shugart planted the seeds in the dome and illegally grew the marijuana in the dome. In this suit, Shugart, post conviction, seeks to challenge a litany of issues related to entry, search, arrest and seizure, including damage to the dome, that all grew out of the same events - the

- 12 -

*Shugart v. DEA*, 3L96-cv-00013 (See Appendix 2) Thus, multiple factors support

the District Court's dismissal of this suit.

## PRAYER FOR RELIEF

For these reasons, it is requested that the Court uphold the District Court's

orders dismissing this litigation.

*Certification*

*I, Ricky J. Shugart hereby certify under oath that these excerpts' are actuall documents on file in the named Court under penalty of perjury. Cover Page, pp.s 11, 12.§20.*

*Ricky J. Shugart*

Respectfully submitted,

**WOLFE, TIDWELL & McCOY, LLP**
320 North Travis Street, Suite 205
Sherman, Texas  75090
(903) 868-1933
(903) 892-2397 FAX

By:___/s/ James C. Tidwell_____
    James C. Tidwell
    State Bar No. 20020100

## INDEX TO APPENDICES

APPENDIX 1    Original Petition State Law Complaint filed in the 336th Judicial District, Fannin County, State of Texas.

APPENDIX 2    Miscellaneous Court Records of Shugart

## NOTICE OF ELECTRONIC FILING

I, James C. Tidwell, do hereby certify that I have electronically submitted for

filing, a true and correct copy of the above and foregoing **Brief** in accordance with