# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40234
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 15, 2018

Lyle W. Cayce
Clerk

FRANKIE POLK,

Plaintiff-Appellant

v.

WILLIAM STEPHENS; TINA STAPLES; HANNA MARSHALL, also known as Hannah Marshall; FNU RUPERT, Former Warden,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:16-CV-1145

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Frankie Polk, Texas prisoner # 1558590, filed a 42 U.S.C. § 1983 complaint against the former director of the Texas Department of Criminal Justice and employees of the Coffield Unit. In the complaint, Polk alleged that on November 17, 2014, his legal property was confiscated by prison officials during a shakedown. He complained that he requested the return of his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

property and that his requests were denied. Polk alleged that, as a result of the defendants' actions, he was denied his right of access to courts and his due process rights. The district court dismissed Polk's complaint pursuant to 28 U.S.C. § 1915A(b)(1) as frivolous and for failure to state a claim. Polk now appeals.

We review the district court's dismissal de novo under the same standard of review applicable to dismissals pursuant to Federal Rule of Civil Procedure 12(b)(6). *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005); *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). Polk argues that that prison officials violated his right of access to courts. He asserts that as a result of the defendants' actions, he was hindered in his ability to present his case to this court in his motion for a certificate of appealability following the denial of his 28 U.S.C. § 2254 application. He further contends that the district court erred in not ruling on the legal materials belonging to other inmates, in not granting relief on his claim that defendants did not comply with prison policy, in finding that qualified immunity was not a relevant issue, and in rejecting his due process claim.

Regarding his claim of the right of access to courts, Polk has not shown that the confiscation of his property adversely affected his ability to pursue a certificate of appealability before this court. Additionally, his assertion that he was hindered in his ability to assist other inmates is conclusory. Polk has not shown that the district court erred in dismissing this claim. *See Lewis v. Casey*, 518 U.S. 343, 349-52, 356 (1996).

His remaining claims are also without merit. Texas's tort of conversion provides adequate state post-deprivation remedies to prisoners who claim due process violations based on deprivation of their property. *Murphy v. Collins*,

No. 17-40234

26 F.3d 541, 543-44 (5th Cir. 1994).  Accordingly, Polk's loss of property does not establish a due process violation.  *See Murphy*, 26 F.3d at 543-44.

Further, mere violations of prison rules or regulations do not alone rise to the level of constitutional violations and, therefore, Polk's claim that the defendants' actions violated prison policy is not actionable under § 1983.  *See Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986).  Finally, Polk's assertion that the court erred in not ruling on qualified immunity is without merit.  The court dismissed the complaint as frivolous and for failure to state a claim, and therefore, qualified immunity was not an issue.  *See* § 1915A(b)(1).

The judgment of the district court is AFFIRMED.  Polk is WARNED that the dismissal of his complaint by the district court counts as a strike under 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). Polk is further WARNED that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).