United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 5, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41749
Summary Calendar

JASON MATTHEW BRESHEARS

Plaintiff - Appellant

v.

SAMMY BROWN, Lieutenant of Field Force; JOSEPH
RANDOLPH, Captain; JOSEPH CASAL, Senior Warden

Defendants - Appellees

- - - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 6:03-CV-47
- - - - - - - - - - -

Before KING, Chief Judge, and WIENER and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Jason Matthew Breshears, a Texas prisoner (# 635072),
appeals from the district court's order granting the defendants'
motion for summary judgment in his 42 U.S.C. § 1983 civil rights
action. The district court concluded that no genuine issue of
material fact remained as to Breshears's claims that his Eighth
Amendment rights were violated when he was forced to work in
dirty clothes and in cold weather on the "hoe" squad, that the
defendants retaliated against him for filing grievances and
complaints by transferring him from a boiler-room job back to the
hoe squad, and that the defendants violated his First Amendment

---

[*] Pursuant to 5ᵀᴴ Cɪʀ. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5ᵀᴴ Cɪʀ. R. 47.5.4.

right of access to the courts by stealing the original complaint and exhibits he filed in this action.

This court reviews de novo a district court's order granting a party's summary-judgment motion. Whittaker v. BellSouth Telecomm., Inc., 206 F.3d 532, 534 (5th Cir. 2000). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The moving party bears the burden of showing the district court that there is an absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the moving party meets the initial burden of showing that there is no genuine issue, the burden shifts to the nonmovant to set forth specific facts showing the existence of a genuine issue for trial. Rule 56(e).

Breshears has argued that the defendants retaliated against him by reassigning him to the hoe squad in early November 2002, only days after he had been transferred to a more desirable job in the boiler room. He has asserted that this retaliation had been motivated by the grievances and complaints he had filed against two correctional officials, Captain Randolph and Lieutenant Brown, during the previous several months as they oversaw his work on the hoe squad. Breshears had maintained that, only weeks before the alleged retaliation incident, his

complaints had caused Brown, who is black, to be reprimanded for calling Breshears and other white inmates "[K]lansmen."

"To state a valid claim for retaliation under section 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." Jones v. Greninger, 188 F.3d 322, 324-25 (5th Cir. 1999). "The law of this circuit is clearly established . . . that a prison official may not retaliate against . . . an inmate . . . for complaining to a supervisor about a guard's misconduct." Woods v. Smith, 60 F.3d 1161, 1164 (5th Cir. 1995); Jackson v. Cain, 864 F.2d 1235, 1248 (5th Cir. 1989).

The district court did not err in concluding that no genuine issue of material fact remained as to whether Breshears had shown retaliatory intent on the part of Captain Randolph and Warden Casal, the defendants who were responsible for transferring him from the boiler room back to the hoe squad. No evidence indicated that Brown had a direct role in this reassignment. The defendants have argued that Breshears was reassigned to the hoe squad because of security concerns. They produced summary-judgment evidence showing that the Texas Department of Criminal Justice had reevaluated its offender-classification and job-assignment policies and procedures after the well-publicized escape of seven inmates from Connolly Unit in 2000. Their evidence also showed that Breshears had escaped from a detention facility and that he appeared to have had connections to white-supremacist groups. Although these incidents involving Breshears

had occurred eight or more years prior to 2002, there appears to have been a reasonable penological reason for the assignment of Breshears to the hoe squad in 2001. Breshears's days-long assignment to the boiler room on October 31, 2002, appears to have been triggered only by a boiler-room supervisor's request for more workers and Breshears's having asked Casal, who started as warden only in September 2002, to assign him to such job because he had held a boiler-room job in the past.

Breshears also has asserted that the defendants violated his right of access to the courts by stealing his original complaint and exhibits in this action. Prisoners have a constitutionally protected right of access to the courts. Bounds v. Smith, 430 U.S. 817, 821 (1977). Although the exact contours of this right are somewhat obscure, the Supreme Court has not extended the right to encompass more than the ability to prepare and transmit a necessary legal document to a court. Brewer v. Wilkinson, 3 F.3d 816, 821 (5th Cir. 1993). A prisoner must show an actual injury to prevail on an access-to-the-courts claim. Lewis v. Casey, 518 U.S. 343, 351 (1996). The examples of prejudice cited in Lewis include the dismissal of a complaint that fails to satisfy a technical requirement because of inadequate prison legal resources. Id.

Breshears's access-to-the-courts claim has been and remains speculative. It is based primarily on the affidavit of a fellow inmate who, at an unspecified time, allegedly saw defendant Brown in the prison mailroom reading inmate mail. Breshears also has not shown an "actual injury" to this claim, because he re-filed a

complaint and many of the same evidentiary materials within three months of the alleged theft. His contention that his memory regarding the incidents of his complaint has faded involves speculation as to what material facts he may have forgotten. No genuine issue of material fact remained as to this claim.

Breshears has effectively abandoned any Eighth Amendment claims regarding his work in the fields, as he has failed to brief such claims in this appeal. See Murphy v. Collins, 26 F.3d 541, 542 n.1 (5th Cir. 1994); FED. R. APP. P. 28(a)(9).

Breshears has not demonstrated that the district court abused its discretion in refusing to require the defendants to respond to his discovery requests. See King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994); Tarver v. City of Edna, 410 F.3d 745, 752 (5th Cir. 2005).

The judgment of the district court is AFFIRMED.