**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**March 16, 2007**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 06-10172
Summary Calendar

---

ASENCION GAONA,

                    Plaintiff-Appellant,

versus

M. C. ERWIN, IV; T. HENDRICK; BRUCE E. ZELLER,

                    Defendants-Apellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:05-CV-180
--------------------

Before REAVLEY, WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Asencion Gaona, Texas prisoner # 656950, filed an in forma pauperis (IFP) action under 42 U.S.C. § 1983 against prison officials alleging that they violated his rights under the Due Process Clause. His claims arose from a prison disciplinary proceeding that resulted in a change to his classification status, the loss of his opportunity to seek parole, the loss of his recreation and commissary privileges, and the confiscation of money and office supplies from him. The district court determined that Gaona's claims were frivolous and that the

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

complaint failed to state a claim upon which relief could be granted.

According to Gaona, the complaint stated a nonfrivolous claim for relief because it alleged that officials acting under the color of state law deprived him of liberty and property interests in violation of the Due Process Clause.  He stresses that the complaint asserted that prison officials deprived him of his classification status, parole, and property.  He also notes that the district court failed to address his property claim.

The dismissal of a prisoner's in forma pauperis (IFP) complaint for failure to state a claim is reviewed de novo, and the standard governing dismissals under Federal Rule of Civil Procedure 12(b)(6) applies.  Ruiz v. United States, 160 F.3d 273, 274-75 (5th Cir. 1998).  The dismissal of an IFP complaint as frivolous is typically reviewed for abuse of discretion; however, where the district court also finds that the complaint fails to state a claim, as here, it is reviewed de novo.  Geiger v. Jowers, 404 F.3d 371, 373 (5th Cir. 2005).  The complaint is frivolous where it "lacks an arguable basis in law or fact."  Id.

Gaona's claim that he was denied due process when his classification status was changed is "indisputably meritless," as inmates do not have a protected liberty or property interest in their custodial classification.  See Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999).  Likewise, he has no due process claim arising from the loss of an opportunity to seek parole.  It is

"entirely speculative" whether a Texas prisoner will obtain release on parole because the decision is discretionary. Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997). Accordingly, the loss of the opportunity to seek parole does not implicate the Due Process Clause. See id. In addition, Gaona's loss of recreational and commissary privileges "[does] not represent the type of atypical, significant deprivation in which a state might create a liberty interest." Id.

The complaint also failed to state claim for the deprivation of property without due process. Where a state provides an adequate postdeprivation remedy for the confiscation of prisoner property, an inmate does not have a cognizable claim under § 1983 for the loss of his property. Murphy v. Collins, 26 F.3d 541, 543-44 (5th Cir. 1994). The Texas tort of conversion is an adequate postdeprivation remedy for the wrongful confiscation of prisoner property. Id. at 543. Accordingly, Gaona's property claim is not actionable under § 1983. See id. at 543-44.

Gaona's appeal is without arguable merit and is frivolous. The appeal is dimissed. See 5TH CIR. R. 42.2. The district court's dismissal of Gaona's action and this court's dismissal of his appeal each count as a strike against him for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). If he accumulates three strikes, he may no longer proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless

he is under imminent danger of serious physical injury.  See
§ 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.