IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 19, 2008

Charles R. Fulbruge III
Clerk

No. 07-11025
Conference Calendar

FREDERICK DEWAYNE MALONE

Plaintiff-Appellant

v.

NFN PEDIGO, CPL

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-CV-467

Before JONES, Chief Judge, and JOLLY and DENNIS, Circuit Judges.

PER CURIAM:[*]

Frederick Dewayne Malone, Texas prisoner # 0699305, appeals from the dismissal of his 42 U.S.C. § 1983 complaint as frivolous and for failure to state a claim. Malone contends that the district court erred in dismissing his complaint against Corporal Pedigo of the Tarrant County Jail. He reasserts his argument that the opening of his mail and the deprivation of his SSI check violated his constitutional rights.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Texas has adequate post-deprivation remedies for the deprivation of prisoner property, Malone's allegation that he was deprived of his personal property fails to state a claim for which relief may be granted. See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Murphy v. Collins, 26 F.3d 541, 543-44 (5th Cir. 1994). His claim regarding the opening of his mail is frivolous and fails to state a claim for relief. The opening and reading of Malone's mail by prison authorities is not a violation of his constitutional rights. See Brewer v. Wilkinson, 3 F.3d 816, 825 (5th Cir. 1993); see also Busby v. Dretke, 359 F.3d 708, 722 (5th Cir. 2004).

Malone's appeal is without arguable merit and therefore frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is dismissed. See 5th Cir. R. 42.2. The district court's dismissal of Malone's complaint and the dismissal of this appeal as frivolous count as two strikes for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Malone has two previous strikes. See Malone v. Byrd, No. 07-10926 (5th Cir. Apr. 21, 2008). Because Malone has now accumulated more than three strikes, he is barred from proceeding in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.