# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 18, 2008

Charles R. Fulbruge III
Clerk

No. 08-10110
Summary Calendar

FREDERICK DEWAYNE MALONE

Plaintiff-Appellant

v.

GEORGE GALLAGHER; J WARREN ST JOHN; DANIEL L YOUNG

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-CV-741

Before KING, HIGGINBOTHAM, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Frederick Dewayne Malone, Texas prisoner # 0699305, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint, in which he alleged that a state court judge violated his constitutional rights by denying a motion for a personal recognizance bond and that his court-appointed attorneys violated his constitutional rights by failing to file motions on his behalf. Although he renews the allegations of his complaint, Malone does not challenge the district court's conclusion that Malone did not allege the attorneys were acting under the color

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of state law or that the claim against the judge is barred by absolute immunity. Nor does Malone challenge the district court's finding that the abstention doctrine of Younger v. Harris, 401 U.S. 37 (1971), compelled the dismissal of Malone's complaint.

By failing to brief any argument challenging the district court's reasons for dismissal, Malone has abandoned the only grounds for appeal. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); Brinkmann v. Dallas County Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Malone's appeal is without arguable merit and therefore frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is dismissed. See 5TH CIR. R. 42.2. The district court's dismissal of Malone's complaint and the dismissal of this appeal as frivolous count as two strikes for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Malone has previously accumulated more than three strikes, and the § 1915(g) sanctions bar has been imposed. See Malone v. Pedigo, No. 07-11025 (5th Cir. June 18, 2008). Malone is barred from proceeding in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.