# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 21, 2008

Charles R. Fulbruge III
Clerk

No. 08-10140
Conference Calendar

FREDERICK DEWAYNE MALONE

Plaintiff-Appellant

v.

DR WAGGENER; DR BYRD

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:08-CV-29

Before KING, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM:[*]

Frederick Dewayne Malone, Texas prisoner # 0699305, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint, in which he alleged that the defendants denied him proper care for a long-standing back injury and skin condition. Malone argues that the defendants demonstrated deliberate indifference to his serious medical needs because they provided him with Tylenol for his pain rather than Flexeril and also denied him Benadryl for his skin condition. Malone further alleges that the defendants acted unprofessionally.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Prison officials violate the constitutional prohibition against cruel and unusual punishment when they demonstrate deliberate indifference to a prisoner's serious medical needs, constituting an unnecessary and wanton infliction of pain. Wilson v. Seiter, 501 U.S. 294, 297 (1991). Acts of negligence or medical malpractice, and a prisoner's disagreement with prison officials regarding his medical treatment are insufficient to establish a constitutional violation. Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). Rather, to prevail on a claim of deliberate indifference to medical needs, the plaintiff must establish that the defendant denied him treatment, purposefully gave him improper treatment, or ignored his medical complaints. Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001).

Malone's allegations amount to no more than a disagreement with his medical care. He fails to allege facts to support a claim of deliberate indifference to a serious medical need as is required to proceed under the Eighth Amendment and § 1983. See Varnado, 920 F.2d at 321. Malone's appeal is without arguable merit and, thus, frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Therefore, it is dismissed as frivolous. See 5TH CIR. R. 42.2. The district court's dismissal of Malone's complaint as frivolous and this court's dismissal of Malone's appeal count as two strikes for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996).

While this appeal was pending, the court imposed the § 1915(g) bar against Malone. See Malone v. Pedigo, No. 07-11025 (5th Cir. June 19, 2008). We remind Malone that he is barred from proceeding in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g). Malone is warned that if he continues to file frivolous actions or appeals, he will be subject to increasingly severe sanctions, including monetary penalties.

APPEAL DISMISSED; PRIOR IMPOSITION OF 28 U.S.C. § 1915(g) BAR NOTED; SANCTION WARNING ISSUED.