**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 17, 2009

Charles R. Fulbruge III
Clerk

No. 08-20347
Summary Calendar

TERRY L STUMP

Plaintiff-Appellee

v.

PATRICIA POTTS

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-MC-208

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Patricia Potts has filed a motion to proceed in forma pauperis ("IFP") in appealing the district court's denial of her requests to proceed IFP in the district court, for appointment of counsel, and for reconsideration of her request for removal. She is also appealing the district court's orders striking her pleadings. Potts sought permission to remove a state court eviction action filed against her to federal district court. Potts argues that her landlord, Terry Stump, racially discriminated against her and violated her rights under the Fair Housing Act

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and the Americans with Disabilities Act. She contends that Stump's motive for doing so was to impede her ability to litigate claims against the State of Texas.

A movant seeking leave to proceed IFP on appeal must show that she is a pauper and that the appeal is taken in good faith, i.e., the appeal presents nonfrivolous issues. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). Potts has shown that she is economically eligible to proceed IFP. *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

However, Potts has not shown that she can present a nonfrivolous issue on appeal. A civil action filed in state court may be removed to a federal district court that has original jurisdiction founded on a claim arising under the Constitution or laws of the United States. 28 U.S.C. § 1441(b). However, a federal court has original or removal jurisdiction only "if the federal question appears on the face of the plaintiff's well-pleaded complaint and there is generally no federal jurisdiction if the plaintiff pleads only a state law cause of action." *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002). It is not sufficient for the federal question to be raised in the answer or in the petition for removal. *Id.*

The complaint filed in the state court was a simple suit to evict arising under state law. *See* TEX. PROP. CODE ANN. § 24.0051. The complaint provided no basis for federal question jurisdiction. The fact that Potts brought up possible federal question claims in her answer and counterclaim cannot be considered in determining the existence of removal jurisdiction. *MSOF Corp.*, 295 F.3d at 490. Therefore, the district court lacked jurisdiction to allow the removal of the action. In light of the lack of federal jurisdiction, Potts can not raise any nonfrivolous issues arising out of this case. *See Carson*, 689 F.2d at 586. The appeal is therefore dismissed. *See* 5TH CIR. R. 42.2.

Potts is warned that any further filing of repetitious or frivolous appeals may result in the imposition of sanctions against her. These sanctions may

include dismissal, monetary sanctions, and restrictions on her ability to file pleadings in this court and any court subject to this court's jurisdiction.

Potts's motions for appointment of counsel, for the issuance of a writ of mandamus, and for habeas corpus relief are all denied as moot.

APPEAL DISMISSED; ALL OUTSTANDING MOTIONS ARE DENIED; SANCTION WARNING ISSUED.