# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 13, 2009

Charles R. Fulbruge III
Clerk

No. 08-41177
Summary Calendar

PATRICIA POTTS, Individually, and as Next Friend to a Minor, Ally Marie
Williams

Plaintiff-Appellant

v.

STATE OF TEXAS; CITY OF BAYTOWN; BAYTOWN POLICE DEPARTMENT;
CHRIS RYMER; SAN JACINTO METHODIST HOSPITAL; ET AL

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:07-CV-632

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Patricia Potts has filed a motion for leave to proceed in forma pauperis
(IFP) on appeal from the district court's judgment dismissing her civil rights
complaint against numerous defendants. Potts argues that the district court
violated her rights under the First, Fifth, Seventh, and Fourteenth Amendments
as well as the Americans with Disabilities Act by dismissing her case without a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

trial. She asserts that there is no evidence that her claims are frivolous or malicious and that her complaint should not have been dismissed merely because she is litigious.

The district court shall dismiss a case filed IFP at any time if the complaint is frivolous or malicious. 28 U.S.C. § 1915(e); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A case is malicious if it is duplicative of a pending or previous lawsuit. *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). A dismissal under Section 1915(e)(2)(B)(i) is reviewed for an abuse of discretion. *Siglar*, 112 F.3d at 193.

Potts admits that she has raised the majority of her claims in actions filed in other courts and that her claims have been dismissed as frivolous. Insofar as she has raised new claims, they also grow out of the same allegations of widespread retaliation because she reported a state official for alleged wrongdoing in 1998. The district court did not abuse its discretion in dismissing the complaint as frivolous and malicious. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Because of the frivolous nature of her claims, the district court did not abuse its discretion in denying Potts's motions for appointment of counsel. *See Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982).

Potts also argues that the district court erred by ordering her to desist from filing further actions related to her present claim and by ordering the Clerk to refuse to file any further documents received from Potts. A district court may bar a vexatious litigant from filing future civil rights complaints unless she seeks the prior approval of a district or magistrate judge. *Murphy v. Collins*, 26 F.3d 541, 544 (5th Cir. 1994). In light of the numerous frivolous state and federal lawsuits previously filed by Potts, which all arose out of a related incident, the district court did not abuse its discretion in barring Potts from filing further proceedings without judicial permission. *See id.*

Potts's motion to proceed IFP on appeal is DENIED, *see Howard*, 707 F.2d at 220, and her appeal is DISMISSED. *See* 5TH CIR. R. 42.2. We previously

have warned Potts that filing future repetitive, frivolous, or abusive motions or appeals would invite the imposition of sanctions, including monetary penalties and limits on his access to federal court. *Stump v. Potts*, 322 F. App'x 379, 380 (5th Cir. Apr. 17, 2009). Accordingly, Potts is BARRED from filing any pro se, IFP motion or appeal in this court pertaining to the subject matter of the instant action without the prior written permission of an active judge of this court. The clerk of this court is directed to return to Potts, unfiled, any attempted submission that is not in compliance with this bar.