# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-50925
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 9, 2020

Lyle W. Cayce
Clerk

CAROLYN BARNES, and Children,

      Plaintiff - Appellant

v.

UNITED STATES OF AMERICA; U.S. CENSUS BUREAU; FEDERAL BUREAU OF INVESTIGATION; U.S. DEPARTMENT OF COMMERCE, UNITED STATES DEPARTMENT OF JUSTICE, ET AL.,

      Defendants - Appellees

Appeals from the United States District Court
for the Western District of Texas
USDC No. 1:18-CV-952

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:*

Carolyn Barnes appeals the dismissal of her *in forma pauperis* complaint as frivolous, as well as the ban on her filing future suits in the Western District of Texas without court approval. We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50925

## I.   Background

In November 2018, Barnes "and her children" filed a nearly 500-page complaint in the Western District of Texas, alleging claims against the United States, federal agencies, the state of Texas, state agencies, Texas counties and departments, federal courts of appeals, the Texas Supreme Court, more than seventy individuals, and others.  Barnes alleged a general "deprivation of rights, privileges, protections, and immunities" under U.S. and Texas law by way of a "continuing conspiracy."  She included a laundry list of alleged nefarious schemes carried out by "the JOINT ENTERPRISE," "the CARTEL," "charlatans," "sycophants," "usurpers and interlopers," "the black robe mafia," and other bad actors.  The allegations seem to center around Barnes's disbarment several years ago and prior lawsuits involving Barnes.

According to Barnes's brief on appeal, her complaint included eleven claims: (1) violations of the Violence Against Women Act;[1] (2) violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO");[2] (3) violations of 42 U.S.C. §§ 1983 and 1985; (4) violations of the Americans with Disabilities Act ("ADA");[3] (5) violations of the Religious Freedom Restoration Act ("RFRA");[4] (6) "[b]reaches of fiduciary duty, contract, oath, and Fraud"; (7) failure to prosecute; (8) "Stolen Claims" under Texas law and the Fifth Amendment to the U.S. Constitution; (9) "Continuing Conspiracy and Specific Performance"; (10) "Declaratory Judgment and Prospective Injunctive Relief"; and (11) attorney's fees and costs.  These claims were "based upon personal

[1] 34 U.S.C. §§ 12291–12512.

[2] 18 U.S.C. §§ 1961–1968.

[3] 42 U.S.C. §§ 12101–12213.

[4] *Id.* §§ 2000bb–2000bb-4.

2

knowledge or good faith information and belief." Barnes further listed dozens of statutes on the face of her complaint and invoked other law throughout.

Barnes also moved, ostensibly, for the recusal of U.S. District Judges Yeakel and Pitman, U.S. Magistrate Judge Austin, all Fifth Circuit Judges, all Texas judges, and "all the judges of this Court" (presumably the district court), and she requested "the appointment of a district judge outside the political and social influence of this cabal of cronies." She based this motion on similar allegations of conspiracy and collusion.

Barnes subsequently filed a "supplemental original complaint" that purported to add new defendants "who capitalized on the criminal conspiracy and outlawry of Barnes" by destroying and stealing her property—but she did not seek to amend or replace her original complaint. She concurrently filed an emergency motion for a temporary restraining order and temporary injunction to prevent the destruction of evidence related to an incident involving the police that allegedly occurred at Barnes's home in November 2018.

The magistrate judge, after allowing Barnes to proceed *in forma pauperis*, issued a report recommending dismissal of her suit as frivolous under 28 U.S.C. § 1915(e) because it "lack[ed] any arguable basis in law or fact." The report also detailed Barnes's history of frivolous litigation in state and federal courts and therefore recommended that Barnes be prohibited from filing future complaints in the district without court approval. *See Murphy v. Collins*, 26 F.3d 541, 544 (5th Cir. 1994). The district court adopted the magistrate judge's report and recommendation and thus dismissed the case with prejudice as frivolous, denied the recusal motion, dismissed the emergency motion as moot, and barred Barnes from filing future complaints in the Western District of Texas absent leave of court. Barnes timely appealed, then filed a considerably expanded amended notice of appeal.

3

No. 19-50925

## II.    Discussion

Under 28 U.S.C. § 1915(e), a district court may, in its discretion, dismiss an *in forma pauperis* complaint with prejudice "as frivolous if it lacks an arguable basis in law or fact." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). "A complaint lacks an arguable basis in law"—that is, it is legally frivolous—"if it is 'based on an indisputably meritless legal theory,' such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). A factually frivolous complaint is made up of "allegations that are fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (citations and internal quotation marks omitted).

We review the district court's decision to dismiss under this statute for abuse of discretion. *Id.* The same is true for recusal decisions, *Andrade v. Chojnacki*, 338 F.3d 448, 454 (5th Cir. 2003), and restrictions on filing privileges, *Potts v. Texas*, 354 F. App'x 70, 71 (5th Cir. 2009) (per curiam).

The district court did not abuse its discretion by dismissing Barnes's complaint as frivolous. Her claims are untethered from both law and fact and are thus clearly meritless. The rest of the complaint is a list of general grievances unrelated to any legally cognizable right. For similar reasons, this appeal is frivolous as well.[5] *See Buck v. United States*, 967 F.2d 1060, 1062 (5th Cir. 1992) (per curiam). We also agree with the district court that Barnes's recusal motion was, like the complaint, "frivolous in all respects." Lastly, the filing restriction was not an abuse of discretion: The magistrate judge's report

---

[5] We will not consider the arguments that Barnes makes for the first time on appeal, like her claims that 28 U.S.C. § 1915A and filing restrictions are unconstitutional. *See Martco L.P. v. Wellons, Inc.*, 588 F.3d 864, 877 (5th Cir. 2009).

No. 19-50925

recounts Barnes's history as a vexatious litigant, which more than adequately supports this measure.

AFFIRMED.