**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 14, 2009

Charles R. Fulbruge III
Clerk

No. 08-51126
Summary Calendar

HERBEY GARCIA ARMENDARIZ

Plaintiff-Appellant

v.

BUREAU OF PRISONS; WARDEN JACK BREWER, Warden Odessa Detention
Center; COMMUNITY EDUCATION CENTERS; CAPTAIN LENDEL MOSBY,
Commanding Officer Odessa Detention Center; DR WELDON BUTLER

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:08-CV-44

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Herbey Garcia Armendariz, federal prisoner # 79366-180, moves this court
to proceed in forma pauperis (IFP) in this appeal from the district court's
dismissal of his Section complaint for failure to exhaust administrative
remedies. The district court denied his request to proceed IFP on appeal,
certifying that the appeal was not taken in good faith. Armendariz's IFP motion

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

in this court is a challenge to that certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

The Prison Litigation Reform Act requires a prisoner to exhaust his administrative remedies before he may file a Section 1983 suit against prison officials. 42 U.S.C. § 1997e(a). Armendariz argues that the district court erred in finding that he failed to exhaust. To the extent that Armendariz has alleged new facts for the first time on appeal, those facts are not cognizable. *See Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999). Otherwise, Armendariz repeats his conclusory allegations raised in district court that the defendants prevented him from exhausting. The district court found that those allegations were refuted by the defendants' evidence. Armendariz's allegations are insufficient to excuse him from the exhaustion requirement. *See Holloway v. Gunnell*, 685 F.2d 150, 154 (5th Cir. 1982). The record therefore supports the district court's conclusion that Armendariz failed to exhaust his administrative remedies as to the claims in this case.

Armendariz has not shown that he will present a nonfrivolous issue on appeal. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). His motion for leave for IFP on appeal is denied, and the appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

Our dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). The district court's dismissal, with prejudice, of Armendariz's Section 1983 complaint as frivolous and for failure to state a claim in *Armendariz v. U.S. Congress*, No. 1:08-cv-00154-C (N.D. Tex. Dec. 15, 2008), also counts as a strike under Section 1915(g). Armendariz is cautioned that if he accumulates three strikes under Section 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g). Also, in light of Armendariz's history of filing frivolous pleadings, lawsuits, and habeas corpus petitions, we warn Armendariz that

frivolous, repetitive, or otherwise abusive filings will invite the imposition of sanctions, including dismissal, monetary sanctions, and/or restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction.

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNINGS ISSUED.