# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 2, 2010

Lyle W. Cayce
Clerk

No. 09-51051
Summary Calendar

HERBEY GARCIA ARMENDARIZ,

Petitioner-Appellant

v.

CHIEF OF POLICE, Odessa Police Department; Officer JONES; Officer FREDDIE NAYOLA, Narcotics Investigator; Officer MAUEY; Mayor LARRY MELTON, City of Odessa,

Respondents-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:09-CV-96

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Herbey Garcia Armendariz, federal prisoner # 79366-180, moves this court to proceed in forma pauperis (IFP) in this appeal from the district court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous for being time barred and/or as failing to state a claim upon which relief could be granted under *Heck v. Humphrey*, 512 U.S. 477 (1994). The district court denied his request to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

proceed IFP on appeal certifying that the appeal was not taken in good faith. Armendariz's IFP motion in this court is a challenge to the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1992).

In his IFP motion, Armendariz argues that the district court's denial of IFP status violated his right to due process. By failing to address the bases for the district court's certification decision, he has abandoned those issues in the context of this IFP motion. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

The district court sua sponte determined that Armendariz's complaint was frivolous because it was filed after the applicable two-year limitations period had elapsed. The district court also concluded that Armendariz's complaint was subject to dismissal for failure to state a claim upon which relief may be granted because it was barred under *Heck*.

We need not decide whether the two bases for the district court's dismissal of Armendariz's complaint were proper because Armendariz's claims were otherwise subject to dismissal for failure to state a claim upon which relief may be granted. *See Sojourner T. v. Edwards*, 974 F.2d 27, 30 (5th Cir. 1992) (holding that this court can typically affirm a district court's judgment in a civil suit on any ground that is apparent from the record). In the instant complaint, Armendariz is seeking damages for the wrongful seizure and loss of his property. The random and unauthorized intentional deprivation of property by a state actor does not constitute a civil-rights violation if the state provides a meaningful post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). In Texas, the tort of conversion fulfills that remedy requirement. *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994). Armendariz's claim based upon the seizure and conversion of his property is therefore not actionable under § 1983. *See id.* at 543-44.

Armendariz's motion for leave for IFP on appeal is denied, and the appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. The district court's dismissal of Armendariz's § 1983 complaint for failure to state a claim and our dismissal of this appeal as frivolous both count as strikes for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Armendariz has at least two other strikes under § 1915(g). *See Armendariz v. Bureau of Prisons*, 355 F. App'x 859, at *1 (5th Cir. 2009). Because Armendariz has accumulated at least three strikes under § 1915(g), he may no longer proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g). Also, in light of Armendariz's history of filing frivolous pleadings, lawsuits, and habeas corpus petitions, we warn Armendariz that frivolous, repetitive, or otherwise abusive filings will invite the imposition of sanctions, including dismissal, monetary sanctions, and/or restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction.

IFP MOTION DENIED; APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED; SANCTION WARNING ISSUED.